J. Robert Forshey
State Bar No. 07264200
Jeff P. Prostok
State Bar No. 16352500
FORSHEY & PROSTOK LLP
777 Main St., Suite 1290
Fort Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151
bforshey@forsheyprostok.com
jprostok@forsheyprostok.com

PROPOSED ATTORNEYS FOR DEBTOR
AND DEBTOR IN POSSESSION

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Case |
| | ) | |
| FOREST PARK MEDICAL CENTER AT FORT WORTH, LLC | ) ) ) | Case No. 16-40198-rfn-11 |
| | ) | |
| Debtor. | ) | **Emergency Hearing Requested** |

**DEBTOR'S EMERGENCY MOTION FOR THE ENTRY OF INTERIM AND FINAL
ORDERS AUTHORIZING THE USE OF CASH COLLATERAL, AND GRANTING
<u>ADEQUATE PROTECTION</u>**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Forest Park Medical Center at Fort Worth, LLC ("<u>Hospital</u>"), files this Motion (the "<u>Motion</u>") pursuant to section 363 of the Bankruptcy Code and FED. R. BANKR. P. 4001(b), for entry of interim and final orders authorizing the use of cash collateral and granting adequate protection to the holder of a disputed security interest in its accounts. In support of this Motion, the Hospital respectfully states as follows:

<u>**JURISDICTION AND VENUE**</u>

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

<u>**BACKGROUND**</u>

A. <u>**Procedural Background**</u>

2. On January 10, 2016 (the "Petition Date"), the Hospital filed a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code. The Hospital continues to operate as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. To date, no creditors' committee has been appointed in the Hospital's case by the United States Trustee. Further, no trustee or examiner has been requested or appointed in this chapter 11 case.

B. **The Hospital's Business**

   1. **Corporate Structure**

   3. The Hospital was formed on May 12, 2011 as a Texas limited liability company and continues to operate using that corporate structure.

   2. **Nature of the Business**

   4. The Hospital is a doctor-owned Texas limited liability company that owns and operates a state of the art medical facility, including private rooms, family suites and intensive care rooms located in West Fort Worth, Texas. The Hospital employs approximately 175 persons on a full or part-time basis. The Hospital offers a broad range of surgical services.

C. **Parties potentially entitled to adequate protection**

   5. To the Hospital's knowledge, only one party asserts a security interest in its accounts and all proceeds arising from the collection thereof (collectively the "Accounts"). Pursuant to a Security Agreement dated November 1, 2015, the Hospital, as debtor, purported to grant a security interest in favor of Jefe Plover Interests, Ltd. ("Jefe Plover"), in the Hospital's Accounts. Financing Statement No. 15-00354522 was filed with the Secretary of State relating to this transaction on November 4, 2015. As used herein, the term "Prepetition Collateral" shall encompass all of the Hospital's assets in which Jefe Plover asserts a collateral interest.

   6. Based upon this, the Hospital believes that Jefe Plover asserts a prepetition security interest against the Hospital's Accounts. The Hospital seeks to use in the operation of

its business the cash (collectively the "Cash Collateral") derived from the collection of the Accounts.

7. The Hospital disputes the validity of any security interest in favor of Jefe Plover in the Accounts. First, the security interest constitutes a transfer made within ninety (90) days of the filing the petition at a time when the Hospital was clearly insolvent. Further, it constitutes a transfer in favor of a creditor on account of antecedent debt which would allow Jefe Plover to receive more than it would in a chapter 7 case had the transfer not been made. As a consequence, the transfer of the security interest in the Accounts to Jefe Plover is voidable as a preferential transfer pursuant to section 547 of the Bankruptcy Code.

8. Second, the execution of the Security Agreement and the perfection of any lien granted pursuant thereto was in violation of the Management Services Agreement and the Hospital's Company Agreement. Consequently, the Hospital also disputes the validity and enforceability of the Security Agreement as being executed without proper authority so that it is not being binding upon the Hospital and creates no enforceable security interests in the Accounts.

9. The Hospital has or will soon file an adversary proceeding against Jefe Plover for the avoidance of the transfer as a preferential transfer and for declaration that the Security Agreement is not binding upon, enforceable against, the Hospital or its Accounts.

## RELIEF REQUESTED

A. **Approval of Cash Collateral Budget**

10. By this Motion, the Hospital seeks interim and final orders authorizing the use of Cash Collateral pursuant to section 363(c) of the Bankruptcy Code. The Hospital requests authority to use Cash Collateral in accordance with the Budget attached hereto as **Exhibit "A"** (the "Budget") on an interim basis, and in accordance with subsequent budgets hereafter approved by the Court on a final basis.

11. In addition, under sections 361 and 363(e) of the Bankruptcy Code, the Hospital

seeks to grant adequate protection to Jefe Plover for any diminution of the value of the Prepetition Collateral as a result of the use of Cash Collateral through the issuance of a conditional replacement lien in favor of Jefe Plover on Cash Collateral generated post-petition. This is discussed in detail below.

12.     The relief requested herein is necessary to prevent immediate and irreparable harm to the Hospital's chapter 11 estate and permit the Hospital to continue to operate its business and to satisfy its direct operating expenses and other administrative expenses of its estate. The Hospital requests approval for interim use of Cash Collateral through February 5, 2016, on an interim basis (the "Interim Order") and thereafter on a permanent basis (the "Final Order") or pursuant to such additional interim orders as may be appropriate. The budget for the interim period through February 5, 2016 is attached as **Exhibit "A"**. This Budget is subject to further change.

13.     The Hospital asserts that the interests of Jefe Plover in the Prepetition Collateral are adequately protected as discussed below. Moreover, to the extent of any diminution in value in Jefe Plover's alleged Prepetition Collateral occasioned by the Hospital's use of such Cash Collateral, the Hospital proposes to grant Jefe Plover a conditional replacement lien in Accounts and Cash Collateral generated post-petition to ensure that Jefe Plover's alleged collateral interests are adequately protected. Further, the Hospital's continued use of the Prepetition Collateral maximizes the position of all of the Hospital's creditors. Without the use of the Cash Collateral, the Hospital would be unable to pay its operating expenses, which, in turn, would force it to cease operating. The Hospital's business and its assets, including the Prepetition Collateral, are far more valuable as a going concern than they would be if the Hospital was forced to cease operations. Moreover, the Hospital's ongoing operations benefit Jefe Plover in that new Cash Collateral is created.

14.     At the present time, an immediate and critical need exists for the Hospital to be permitted access to funds in order to continue its business operations, to pay its operating

expenses, and to protect the going concern value of its business. Failure to allow the Hospital to use the Cash Collateral will lead to immediate and irreparable harm by forcing the Hospital to suspend its operations.

15. Pursuant to section 363(c)(2)(B) of the Bankruptcy Code, the Hospital requests that the Court authorize and approve the Hospital's use of Cash Collateral for the payment of its expenses in accordance with the Budget and with subsequently approved budgets. To remain in possession of its property, to continue its business activity, and to preserve its going concern value, the Hospital requests use of Cash Collateral in the Hospital's ordinary business operations. The Hospital believes that payment of operating expenses is reasonable and that such payment is for necessary business expenses which must be paid in order to continue the Hospital's business operations.

16. In the event the Court does not authorize the Hospital's proposed use of Cash Collateral, the Hospital believes that the Hospital will be seriously and irreparably harmed, resulting in significant losses to the Hospital's estate and its creditors.

**B.** **Conditional Adequate Protection of Jefe Plover**

17. As discussed above, the Hospital asserts that the security interest granted to Jefe Plover in the Hospital's Accounts is avoidable under section 547 of the Bankruptcy Code as a preference and unenforceable and invalid as against both the Hospital and its Accounts as an unauthorized transfer in violation of both the Management Services Agreement and the Company Agreement.

18. An adversary proceeding has been or will be commenced against Jefe Plover to avoid the alleged security interest in the Hospital's Accounts and to declare the transfer as being unauthorized, invalid and unenforceable against the Hospital. Such an invalid, unenforceable or voidable lien is not entitled to adequate protection.

19. Consequently, all replacement liens granted to Jefe Plover as adequate protection of its alleged interest in the Prepetition Collateral should be conditional and only valid

and enforceable to the extent that the Jefe Plover liens against the Prepetition Collateral are in fact valid and enforceable against the Hospital's Accounts and not subject to avoidance as a preferential transfer. In other words, the replacement liens granted by the Hospital to Jefe Plover as adequate protection should be valid and enforceable only to the extent that Jefe Plover's prepetition liens are valid and enforceable and not subject to avoidance, and nothing contained herein, or based on granting conditional replacement liens to Jefe Plover, should act to waive or impair the Hospital's challenge to the validity of Jefe Plover's security interest in the Prepetition Collateral.

## APPLICABLE AUTHORITY

20. One of the Hospital's most pressing concerns is the need for immediate use of Cash Collateral pending a final hearing on this Motion. Rule 4001(b) and (c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provide that a final hearing on a motion to use cash collateral pursuant to section 363 of the Bankruptcy Code may not be commenced earlier than fourteen (14) days after the service of such motion. *See* FED. R. BANKR. P. 4001(b) and (c); 11 U.S.C. § 363. Upon request, however, the Court is empowered to conduct a preliminary expedited hearing on the motion and authorize the restricted use of cash collateral to the extent necessary to avoid immediate and irreparable damage to the Hospital's estate. The Hospital requires use of Cash Collateral to pay present operating expenses and other administrative expenses of the Hospital's estate.

21. The Hospital requests immediate authority to use the Cash Collateral to fund the Hospital's day-to-day operations in accordance with the Budget. Absent such relief, the Hospital will not be able to continue to operate its business. In sum, failure to obtain authorization for the use of the Cash Collateral will be disastrous to the Hospital and its creditors. Entry of an order authorizing the use of Cash Collateral will minimize disruption to the Hospital's business and operations and permit the Hospital to continue operations. Absent use of the Cash Collateral, the Hospital's estate would not have sufficient funds to satisfy its ongoing

business obligations. Allowing use of Cash Collateral, therefore, is in the best interest of the Hospital's estate.

22. The use of Cash Collateral and the adequate protection proposed herein is fair and reasonable under the circumstances, reflects the Hospital's exercise of prudent business judgment, and is supported by reasonably equivalent value and fair consideration. Also, the adequate protection proposed herein in the form of replacement liens, in addition to its existing liens in the Prepetition Collateral, is sufficient to protect the interests of Jefe Plover. As such, the Hospital should be afforded protections equivalent to those provided in section 364(e) of the Bankruptcy Code.

23. The relief requested herein should ensure that the Hospital's chapter 11 estate has sufficient resources to commence its chapter 11 case and to provide a seamless transition to operating its business as a debtor-in-possession. The Hospital requests that the Court grant the Motion.

## NOTICE

24. Notice of this Motion has been provided to (i) the office of the United States Trustee for the Northern District of Texas, (ii) the holders of the twenty (20) largest unsecured claims against the Hospital, (iii) Jefe Plover, and (iv) all other parties requesting notice in this chapter 11 case. The Hospital respectfully submits that no other or further notice need be provided.

## EMERGENCY HEARING REQUESTED

25. This Hospital requests an emergency hearing be held as soon as possible.

## CONCLUSION

WHEREFORE, the Hospital respectfully requests that the Court (i) grant the Motion; (ii) enter an Interim Order permitting the Hospital to use Cash Collateral consistent with the Budget; (iii) enter all such other or further Interim Orders as may be appropriate; (iv) after a final hearing on this Motion, enter a Final Order permitting the Hospital to use Cash Collateral on a final basis

as provided herein; (v) grant Jefe Plover a conditional replacement liens as provided herein; and (vi) grant all such other and further relief as is just and proper.

Dated: January 11, 2016.

Respectfully submitted,

/s/ J. Robert Forshey
J. Robert Forshey
State Bar No. 07264200
Jeff P. Prostok
State Bar No. 16352500
FORSHEY & PROSTOK LLP
777 Main St., Suite 1290
Ft. Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151
bforshey@forsheyprostok.com
jprostok@forsheyprostok.com

PROPOSED ATTORNEYS FOR DEBTOR
AND DEBTOR IN POSSESSION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon the parties listed on the attached service list via ECF electronic Notice, if available, or via United States Mail, first class postage prepaid on January 11, 2016. I further certify that a true and correct copy of the foregoing document was additionally served via email upon the parties listed below on January 11, 2016:

Erin Schmidt, Trial Attorney
United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242
erin.schmidt2@usdoj.gov

Lesley Ardemagni
Law Offices of Judith W. Ross
Plaza of the Americas
700 N. Pearl Street, Suite 1610
North Tower
Dallas, TX 75201
lesley.ardemagni@judithwross.com
Attorneys for Jefe Plover Interests, Ltd.

/s/ J. Robert Forshey
J. Robert Forshey

L:\BFORSHEY\Forest Park FW (C11) #5770\Pleadings\Motion to Use Cash Collateral 1.9.16.doc

## Draft - Exhibit A

**Forest Park Medical Center Ft Worth LLC**
Authorization to Spend (Budget)

| Week Beginning | Week 1 1/11/2016 | Week 2 1/18/2016 | Week 3 1/25/2016 | Week 4 2/1/2016 |
|---|---|---|---|---|
| Receipts | | | | |
| Patient Collections | 639 | 639 | 639 | 539 |
| Net DIP Borrowing/(Repayment)[1] | 0 | 0 | 64 | 952 |
| Other | 0 | 0 | 0 | 0 |
| Total Receipts | 639 | 639 | 703 | 1,492 |
| Disbursements | | | | |
| Salaries | - | 510 | - | 510 |
| Benefits | 75 | - | - | 200 |
| Contract Labor | 3 | 3 | 3 | 3 |
| Supplies | 290 | 260 | 261 | 281 |
| Prof Fees - Physician | 17 | 17 | 17 | 17 |
| Prof Fees - Other | - | - | - | - |
| Outside Services | 42 | 53 | 31 | 73 |
| Utilities | 85 | - | - | - |
| Real Estate/Leases[2] | 35 | - | - | 35 |
| Property Taxes | - | - | - | - |
| Mgmt Fees[3] | - | - | - | - |
| Debt Payments | - | - | - | - |
| Franchise Tax | - | - | - | 300 |
| Restructure Cost[4] | 4 | 4 | 4 | 44 |
| Revolver Fees/Interest | - | - | 105 | - |
| Other | 10 | 10 | 18 | 30 |
| Total Disbursements | 561 | 857 | 438 | 1,492 |
| Net | 78 | (218) | 265 | - |

[1] Assumes repayments & borrowings to keep a cash balance of $500k

[2] Although there will be an administrative expense for post-petition real estate and equipment lease obligations, it is expected that treatment of these obligations will be incorporated into a new-investor transaction

[3] Administrative expense, although may be subject to recharacterization; payment scheduling and treatment to be determined in consultation with Committee, DIP lender and prospective new investor.

[4] Restructuring expenses of retained professionals are anticipated to be paid beyond the forecast period pursuant to a compensation order.

# SERVICE LIST

**Service List**
**Forest Park Medical Center at Fort Worth**
**#5770**

Forest Park Medical Center at Fort Worth, LLC
5400 Clearfork Main St.
Fort Worth, TX 76109

Erin Schmidt, Trial Attorney
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242

Amendia Inc.
1755 West Oak Parkway
Marietta, GA 30062

FPMC Fort Worth Realty Partners LP
3030 Olive St., Suite 220
Dallas, TX 75219

Globus Medical Inc.
2560 General Armistead Ave.
Audubon, PA 19403

Identity Media Services LLC
1801 Royal Lane, Suite 800
Dallas, TX 75229

Inpatient Physician Assoc. PLLC
6901 Snider Plaza, #130
Dallas, TX 75205

Intuitive Surgical
Dept. 33629
PO Box 39000
San Francisco, CA 94139

Medusa Group LLC
Dominion Plaza
17304 Preston Rd., Suite 800
Dallas, TX 75252

Microsoft Licensing GP
1950 N. Stemmons Frwy, Suite 5010
Dallas, TX 75207

Pro Silver Star Ltd.
1 Cowboys Parkway
Irving, TX 75063

Provation Medical Inc.
62770 Collections Center Dr.
Chicago, IL 60693

Sidley Austin LLP
2001 Ross Ave., Suite 3600
Dallas, TX 75201

Spinefrontier Inc.
500 Cummings Center, Suite 3500
Beverly, MA 01915

Summit Spine LLC
2912 Network Place
Chicago, IL 60673

Surgical Information Systems LLC
555 N. Point Center East, Suite 700
Alpharetta, GA 30022

Terumo BCT Inc.
10811 West Collins Ave.
Lakewood, CO 80215

The Management Co.
12222 N. Central Expy.
Dallas, TX 75234

Thomas Protective Service Inc.
8475 County Road 156
PO Box 833
Kaufman, TX 75142

Valley Services Inc.
PO Box 742992
Atlanta, GA 30374

Vertebral Technologies Inc.
5909 Baker Rd., Suite 550
Minnetonka, MN 55345

Vintage Medical LLC
1801 Royal Lane, Suite 908
Farmers Branch, TX 75229

Steris Corporation
5960 Heisley Rd.
Mentor, OH 44060

Texas Capital Bank, N.A.
2350 Lakeside Blvd., Suite 605
Richardson, TX 75082

Buccaneer Financial Group, Inc.
1435 Patton Dr.
Boulder, CO 80303

Centennial Bank
2500 Broadway
Boulder, CO 80304

Forest Park I LLC
1290 Avenue of the Americas, Suite 914
New York, NY 10104

Forest Park II LLC
1290 Avenue of the Americas, Suite 914
New York, NY 10104

Cardinal Health
West Campus 1H6406C
7000 Cardinal Place
Dublin, OH 43017

| | | |
|---|---|---|
| General Electric Capital Corp.<br>PO Box 35701<br>Billings, MT 59107-5701 | Amerisourcebergen Drug Corp.<br>1300 Morris Dr.<br>Chesterbrook, PA 19087 | Jefe Plover Interests, Ltd.<br>12222 N. Central Expy., Suite 300<br>Dallas, TX 75243 |
| Jefe Plover Interests, Ltd.<br>c/o Its Registered Agent<br>Wade N. Barker<br>16 wooded Gate Dr.<br>Dallas, TX 75230 | Office of the Attorney General<br>300 W. 15th St.<br>Austin, TX 78701 | Office of the U.S. Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001 |
| Texas Department of State Health Services<br>PO Box 149347<br>Austin, TX 78714-9347 | | |

## NOTICES OF APPEARANCE

| | | |
|---|---|---|
| FPMC Fort Worth Realty Partners, LP<br>c/o Melissa S. Hayward<br>Franklin Hayward LLP<br>10501 N. Central Expy., Suite 106<br>Dallas, TX 75231 | Forest Park I LLC/Forest Park II LLC<br>c/o Brent McIlwain/Brian Smith<br>Holland & Knight LLP<br>200 Crescent court, Suite 1600<br>Dallas, TX 75201 | Sabra Texas Holdings, LP<br>c/o Deirdre Ruckman<br>Gardere Wynne Sewell LLP<br>1601 Elm St., Suite 3000<br>Dallas, TX 75201 |