J. Robert Forshey
State Bar No. 07264200
Jeff P. Prostok
State Bar No. 16352500
FORSHEY & PROSTOK LLP
777 Main St., Suite 1290
Ft. Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151
bforshey@forsheyprostok.com
jprostok@forsheyprostok.com

PROPOSED ATTORNEYS FOR DEBTOR
AND DEBTOR IN POSSESSION

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Case |
| | ) | |
| FOREST PARK MEDICAL CENTER AT FORT WORTH, LLC | ) | Case No. 16-40198-rfn-11 |
| | ) | |
| | ) | |
| Debtor. | ) | **Emergency Hearing Requested** |

**EMERGENCY MOTION OF DEBTOR (1) TO AUTHORIZE CERTAIN PROCEDURES TO MAINTAIN THE CONFIDENTIALITY OF PATIENT INFORMATION, (2) FOR AUTHORITY TO FILE UNDER SEAL SEPARATE MATRIX AND SCHEDULE F CONTAINING PATIENT INFORMATION, (3) TO MODIFY NOTICE TO PATIENTS, AND (4) FOR RELIEF FROM REQUIRED FORM OF MAILING MATRIX WITH REGARD TO SEPARATE MATRIX**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtor and debtor-in-possession (the "Debtor") hereby moves the Court (the "Motion") on an emergency basis for entry of an order authorizing certain procedures to maintain the confidentiality of patient information, including authority to (1) file under seal a separate consolidated creditor matrix comprised of former patients (the "Patient Matrix") and a separate supplemental Schedule F for the Debtor (collectively, the "Supplemental Schedule F") containing patient information, (2) to modify notice to patients, and (3) relief from the required form of mailing matrix with respect to the Patient Matrix. In further support of this Motion, the Debtor respectfully states as follows:

# I.
# STATUS OF THE CASE AND JURISDICTION

1. On January 10, 2016, (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under Chapter 11 the Bankruptcy Code. The Debtor has continued in the possession of its property and is operating and managing its business as debtor and debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. No request for a trustee or examiner has been made and no creditors' committee has yet been appointed in this case. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2). Venue of these proceedings and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are pursuant to Sections 105, 107, 342(a), and 521(a)(1) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 1007 and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1007 and 9018 of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules").

# II.
# BACKGROUND

4. The Debtor is a doctor-owned Texas limited liability company that owns and operates a 54-bed state-of-the-art medical facility, including 32 private rooms, 16 family suites, and 6 intensive care beds (the "Hospital") in Fort Worth, Texas. The Debtor's facility is leased and comprises over 150,000 useable square feet. The Debtor employs approximately 175 employees, including 115 full-time employees and 60 part-time employees.

5. The Debtor offers a range of surgical services, including, but not limited to, neurosurgery, orthopedic, brain and spine. The Hospital's back office services and employees are contracted through FPMC Services, LLC ("Shared Services"). Shared Services manages all revenue for the Debtor, as well as six other affiliates and is owned in equal parts by those seven

entities for which it performs these services.

## III.
## RELIEF REQUESTED

6. By this Motion, the Debtor seeks entry of an order authorizing it to file the Patient Matrix and each separate Supplemental Schedule F under seal. The Debtor has provided healthcare services to many patients during the course of its business operations. Some of those former patients could potentially hold actual or contingent claims against the Debtor's estate and should be included in the creditor mailing matrix. The Debtor is obligated under the Bankruptcy Rules and the Local Rules to list all such creditors on the Debtor's mailing matrix and bankruptcy schedules.

7. The Debtor estimates that it has treated nearly 3,000 thousand patients at the Hospital since it opened in November 2014 (the "Patients"). Approximately 25 of those Patients may have claims against the Debtor for refunds. Given the significant time and expense associated with providing all the Patients technical notice of these cases, the Debtor requests that it be authorized to give the Patients notice of this case by (1) transmitting in writing the Notice of Commencement of this Bankruptcy Case and Proof of Claim form, as well as a communication informing the Patients how to request further notice of future pleadings and access to the claims agent's website, as set forth on **Exhibit "A"** and (2) giving notice to all Patients via publication in the local newspaper, as set forth on **Exhibit "B"** (the "Publication Notice"). The claims agent for this case is proposed to be Kurtzman Carson Consultants, LLC. The Debtor requests the Court's approval that no further notices and/or pleadings be required to be given to the Patients in this case unless any such Patient requests further notices and/or pleadings or timely files a proof of claim.

8. The Debtor also requests relief from the required form for submitting a mailing matrix to the Court only with regard to the Patient Matrix. Given the Debtor's request to file the Patient Matrix under seal, together with the significant cost associated with formatting the

Patient Matrix as required by the Local Rules, the Debtor respectfully requests that the Patient Matrix not be required to be filed in the format required by the Local Rules. Instead, the Debtor requests that the Patient Matrix be submitted in a format that can be readily created from the Debtor's existing records.

## IV.
## BASIS FOR RELIEF REQUESTED

### A.  Disclosure Requirements

9.  By this Motion, the Debtor seeks entry of an order authorizing certain procedures to maintain the confidentiality of patient information as required by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the Texas Medical Records Privacy Act ("TMRPA"), while providing required disclosures in this bankruptcy case.

10.  Bankruptcy Rule 1007(a) and Local Rule 1007 require the Debtor to file matrices listing creditors by name and address. In addition, § 521 of the Bankruptcy Code and Bankruptcy Rule 1007 also require the Debtor to publish certain schedules listing information about creditors. HIPAA and similar laws and regulations under the TMRPA, however, potentially bar the Debtor from publishing identifying information about certain patients of the Debtor (either former or present) who may also be potential claimants who would ordinarily appear on such matrices.

11.  HIPAA, 42 U.S.C. § 1302d et seq., and one of its accompanying implementing regulations, 45 C.F.R. § 164.502 (the "HIPAA Privacy Rule"), address the use and disclosure of "protected health information" (the "PHI") by a "covered entity." A hospital constitutes a "covered entity" pursuant to the HIPAA Privacy Rule. See 45 C.F.R. § 164.502. HIPAA prohibits the "wrongful disclosure" of "individually identifiable health information." Id. The HIPAA Privacy Rule defines "individually identifiable health information" as any information relating to the individual's "past, present or future physical or mental health or condition, the provision of health care to the individual, or the past, present or future payment for the provision of health care to

the individual" that also "identifies the individual or for which there is a reasonable basis to believe that the information can be used to identify the individual." See 42 U.S.C. § 1302d(6). Individually identifiable health information is referred to in the HIPAA Privacy Rule as PHI. See 45 C.F.R. § 164.502. Wrongful disclosure means "knowingly us[ing] or caus[ing] to be used a unique health identifies, obtain[ing] individually identifiable health information relating to an individual or disclos[ing] individually identifiable health information to another person." See 42 U.S.C. § 1320d-6(a).

12. Certain current and past patients of the Debtor may assert claims, generally refund claims, against the Debtor, and under the Bankruptcy Code and the applicable Bankruptcy Rules, the Debtor is required to list information about such patients as potential creditors, including their names and addresses, in the creditor matrix and in the Schedules and Statements. Listing any patient's name or address in the matrix, Schedules, and Statement, or any notice or certificate of service, however, may violate the HIPAA Privacy Rule, unless an exception permitting such distribution is satisfied.

13. An exception exists in the HIPAA Privacy Rule for disclosures made with valid authorization. Valid authorization for purposes of the HIPAA Privacy Rule includes information authorized to be released for law enforcement purposes, which is defined as releases required by law (including court orders, court-ordered warrants, and subpoenas) and administrative requests. See 45 C.F.R. § 164.512(f). To the extent that the Debtor distributes protected health information pursuant to an order of this Court, such distribution would not violate the HIPAA Privacy Rule.

14. Likewise, the Texas Privacy Act provides that a "covered entity" must comply with HIPAA and the TMPRA. See TEX. HEALTH AND SAFETY CODE § 181.004. Section 181.001(2)(A) of the TMPRA provides that the term "covered entity" includes a health care facility or clinic. Section 181.151 of the TMRPA prohibits the "reidentification or attempt to reidentify an individual who is the subject of any protected health information without obtaining

the individual's consent or authorization." The TMRPA permits disclosure pursuant to a court order. See TEX. HEALTH & SAFETY CODE § 181.154(c)(2).

15. Accordingly, because the Debtor cannot fully comply with the disclosure requirements of Bankruptcy Rule 1007(a) and Local Rule 1007 while maintaining the confidentiality of patient information as required by the HIPAA and TMRPA, the Debtor seeks approval of the alternate procedures described herein.

B. **Filing Under Seal**.

16. Section 107(b) of the Bankruptcy Code provides that, "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." Rule 9018 of the Bankruptcy Rules states that "the court may make any order which justice requires to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information."

17. Certain privacy and other concerns regarding the patients prevent the Debtor from filing any lists containing the names and addresses of the patients with the Court. See 11 U.S.C. 107(a) (providing that documents filed with the Bankruptcy Court are public records). The Debtor is a "health care provider," as defined by HIPAA. Under HIPAA, patient records relating to payment for health care provided to an individual are subject to strict confidentiality requirements. See generally 45 C.F.R. §§ 160 and 164. As a result, the Debtor believes that it is restricted by law in its ability to list the patient-creditors in the Schedules.

18. To comply with applicable privacy restrictions, the Debtor proposes to file the Supplemental Schedule F and Patient Matrix under seal. Pursuant to the procedures outlined in Local Rule 9018 and Section III(A) of the Appendix 5005 to the Local Rules, the Debtor files this Motion without attachment of the subject documents for which protection is sought (i.e. the Patient Matrix and the Supplemental Schedule F). Because the privacy restrictions of HIPAA may still be imposed beyond final disposition of this case, the Debtor further requests that the

Patient Matrix and Supplemental Schedule F be kept confidential indefinitely and not deemed unsealed after the final disposition of this case.

### C. Notice to Patients.

19. As a practical matter, it would be extremely costly for the Debtor to provide formal, written, ongoing notice to each and every one of the nearly 3,000 Patients who are technically entitled to receive such notification. Thus, the Debtor seeks the Court's approval to send the Patients notice of this case by (1) transmitting to each Patient, where possible, in writing, the Notice of Commencement of this Bankruptcy Case and Proof of Claim form, as well as a communication informing the Patients how to request further notice of future pleadings and access to the claims agent's website, as set forth on **Exhibit "A"**; and (2) giving notice to all Patients via publication in the local newspaper, as set forth in the Publication Notice.

20. In the experience of Debtor's counsel, non-creditor parties-in-interest are often confused by bankruptcy notices pertaining to a company with which they are not actively engaged in business. Thus, the claims agent's website will assist the Patients in gathering whatever information about the case is relevant to them.

21. Accordingly, pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 2002(m), the Debtor seeks entry of an order authorizing the Debtor to give the Patients notice of these cases by (1) transmitting in writing the Notice of Commencement of this Bankruptcy Case and Proof of Claim form, as well as a communication informing the Patients how to request further notice of future pleadings and access to the claims agent's website, as set forth in **Exhibit "A"**; and (2) by publication in a local newspaper in form consistent with the form of Publication Notice attached as **Exhibit "B."**

22. The Publication Notice includes the date the petition was filed, the case number, the location of the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"), the Bankruptcy Court's website, and the deadline to file a proof of claim in the Chapter 11 Case. In order to maximize the impact of the Publication Notice, the Debtor

proposes to publish the Publication Notice in the Fort Worth Star Telegram for a term of one week, including one Sunday edition. Given that the Hospital serves primarily patients in North Texas and the surrounding region, the Debtor submits that the proposed notice by publication is reasonably calculated under the circumstances to provide notice to Patients who may technically be entitled to notice of this Chapter 11 Case, notwithstanding the fact that the Debtor's records do not indicate that such are creditors in this case.

23. The Debtor therefore requests that the Court enter an order deeming such notice on the terms set forth herein, to provide effective, adequate, and sufficient notice to all Patients and reasonably calculated under the circumstances to apprise those parties of the filing of this Chapter 11 Case and of the deadline to file unsecured claims in this case. The Debtor further requests no other notices and/or pleadings be required to be given to the Patients in this case unless any such Patient requests further notices and/or pleadings or such timely files a proof of claim.

### D. Relief from Mailing Matrix Format.

24. Given the Debtor's request to file the Patient Matrix under seal, together with the significant cost and delay associated with submitting the lengthy Patient Matrix in the format required by the Local Rules, the Debtor respectfully requests that it not be required to provide the Patient Matrix in the format required by the Local Rules. Requiring such would not only be expensive and time consuming, but, as a practical matter, is unnecessary given the Debtor's requests herein to give modified notice to the Patients. Therefore, the Debtor asserts that it is in the best interests of its estate that the Patient Matrix (defined hereafter) be submitted in a format that can be readily created from the Debtor's existing records.

25. Accordingly, the Debtor requests that the Court establish the following procedures to balance the need to protect patient health information with the need to disclose information regarding these cases to the public:

    a. the Debtor shall omit any reference to current or former Patients from the

publicly filed matrix of creditors and any certificate of service not filed under seal;

      b.     the Debtor shall make an unredacted copy of the Schedules and Statements available to (a) the Court and to the United States Trustee upon request; and (b) any other party-in-interest only after this Court has entered an order, after notice and a hearing, authorizing the Debtor to do so;

      c.     the Debtor shall maintain a list of all current or former Patients (the "Patient Matrix") that would appear on the matrix of creditors, and shall make the Patient Matrix, or any portion thereof, available to any party-in- interest only after this Court has entered an order, after notice and a hearing, authorizing the Debtor to do so;

      d.     when the Debtor serves any paper upon any person listed on the Patient Matrix, the Debtor shall note in the respective certificate of service that the parties served include persons listed on the Patient Matrix;

      e.     the Debtor shall file the Patient Matrix and any Supplemental Schedule F under seal;

      f.     the Debtor may give notice to Patients in the form of (1) the Notice of Commencement of this Bankruptcy Case and Proof of Claim form, as well as a communication informing the Patients how to request further notice of future pleadings and access to the claims agent's website; and (2) via publication as set forth herein; and

      g.     the Debtor is relieved from submitting the lengthy Patient Matrix in the format required by the Local Rules.

26.     The requested relief is required to permit the Debtor to comply with the HIPAA Privacy Rule and the TMRPA. In particular, the TMRPA imposes civil penalties for violations. The Debtor believes that the procedures proposed herein permit it to comply with both HIPPA and TMRPA, as well as its disclosure requirements under the Bankruptcy Code and Bankruptcy Rules. In light of the foregoing, the Debtor submits that the relief requested in the Motion is in

the best interest of the Debtor's estates and is not prejudicial to the rights of any party in this case.

27. No previous request for the relief sought herein has been made to this or any other Court.

## V.
## NOTICE

28. Notice of this Motion has been provided to (a) the office of the United States Trustee for the Northern District of Texas; (b) the holders of the twenty (20) largest unsecured claims against the Debtor; and (c) certain other creditors, counsel and/or parties-in-interest; all as set forth in the below Certificate of Service. The Debtor submits that no further notice need be provided.

WHEREFORE the Debtor respectfully requests that the Court enter an order granting the relief requested herein, and awarding the Debtor such other and further relief as the Court may deem just and proper.

Dated: January 11, 2016.

Respectfully submitted,

/s/ Jeff P. Prostok
J. Robert Forshey
State Bar No. 07264200
Jeff P. Prostok
State Bar No. 16352500
FORSHEY & PROSTOK LLP
777 Main St., Suite 1290
Ft. Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151
bforshey@forsheyprostok.com
jprostok@forsheyprostok.com

PROPOSED ATTORNEYS FOR DEBTOR
AND DEBTOR IN POSSESSION

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document was served upon the parties listed on the attached service list via United States Mail, first class postage prepaid, or via ECF electronic Notice, if available, on January 11, 2016. I further certify that a true and correct copy of the foregoing document was additionally served via email upon the parties listed below on January 11, 2016:

Erin Schmidt, Trial Attorney
United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242
erin.schmidt2@usdoj.gov

                                                   /s/ Jeff P. Prostok
                                                   Jeff P. Prostok

L:\BFORSHEY\Forest Park FW (C11) #5770\Pleadings\Motion to Maintain Confidentiality of Patient Information 1.10.16.docx

**Exhibit "A"**

**NOTICE TO PATIENTS**

On January 10, 2016, Forest Park Medical Center at Fort Worth, LLC (the "Debtor") filed a petition in the United States Bankruptcy Court for the Northern District of Texas seeking relief under Chapter 11 of the United States Bankruptcy Code, Case No. 16-40198-rfn-11. The Case Docket Sheet and any and all future pleadings can be accessed through the Debtor's Claims Noticing Agent Kurtzman Carson Consultants, LLC at http://www.kccllc.com. If you have any questions, please call the following hotline for further information: _____.

L:\BFORSHEY\Forest Park FW (C11) #5770\Pleadings\Ex. A - Patient Confidentiality Motion.docx

## Exhibit "B"

### Form of Publication Notice

TAKE NOTICE that Forest Park Medical Center at Fort Worth, LLC (the "Debtor") filed for protection under Chapter 11 of the Bankruptcy Code on January 10, 2016, in the United States Bankruptcy Court for the Northern District of Texas (the "Court"), Fort Worth Division, Bankruptcy Case No. 16-40198-rfn-11. If you are owed money by, or otherwise have a claim against, the Debtor, the Court has set _____, 2016 as the deadline to file a proof of claim in the Debtor's bankruptcy case. Any creditor who fails to file a proof of claim on or before _____, 2016, will be barred from asserting its claims against the Debtor. Proof of claim forms may be obtained from the Clerk of the Court located at 501 W. 10th St., Fort Worth, TX 76102, or on the Court's website at www.txnb.uscourts.gov.

# SERVICE LIST

**Service List**
**Forest Park Medical Center at Fort Worth**
**#5770**

Forest Park Medical Center at Fort Worth, LLC
5400 Clearfork Main St.
Fort Worth, TX 76109

Erin Schmidt, Trial Attorney
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242

Amendia Inc.
1755 West Oak Parkway
Marietta, GA 30062

FPMC Fort Worth Realty Partners LP
3030 Olive St., Suite 220
Dallas, TX 75219

Globus Medical Inc.
2560 General Armistead Ave.
Audubon, PA 19403

Identity Media Services LLC
1801 Royal Lane, Suite 800
Dallas, TX 75229

Inpatient Physician Assoc. PLLC
6901 Snider Plaza, #130
Dallas, TX 75205

Intuitive Surgical
Dept. 33629
PO Box 39000
San Francisco, CA 94139

Medusa Group LLC
Dominion Plaza
17304 Preston Rd., Suite 800
Dallas, TX 75252

Microsoft Licensing GP
1950 N. Stemmons Frwy, Suite 5010
Dallas, TX 75207

Pro Silver Star Ltd.
1 Cowboys Parkway
Irving, TX 75063

Provation Medical Inc.
62770 Collections Center Dr.
Chicago, IL 60693

Sidley Austin LLP
2001 Ross Ave., Suite 3600
Dallas, TX 75201

Spinefrontier Inc.
500 Cummings Center, Suite 3500
Beverly, MA 01915

Summit Spine LLC
2912 Network Place
Chicago, IL 60673

Surgical Information Systems LLC
555 N. Point Center East, Suite 700
Alpharetta, GA 30022

Terumo BCT Inc.
10811 West Collins Ave.
Lakewood, CO 80215

The Management Co.
12222 N. Central Expy.
Dallas, TX 75234

Thomas Protective Service Inc.
8475 County Road 156
PO Box 833
Kaufman, TX 75142

Valley Services Inc.
PO Box 742992
Atlanta, GA 30374

Vertebral Technologies Inc.
5909 Baker Rd., Suite 550
Minnetonka, MN 55345

Vintage Medical LLC
1801 Royal Lane, Suite 908
Farmers Branch, TX 75229

Steris Corporation
5960 Heisley Rd.
Mentor, OH 44060

Texas Capital Bank, N.A.
2350 Lakeside Blvd., Suite 605
Richardson, TX 75082

Buccaneer Financial Group, Inc.
1435 Patton Dr.
Boulder, CO 80303

Centennial Bank
2500 Broadway
Boulder, CO 80304

Forest Park I LLC
1290 Avenue of the Americas, Suite 914
New York, NY 10104

Forest Park II LLC
1290 Avenue of the Americas, Suite 914
New York, NY 10104

Cardinal Health
West Campus 1H6406C
7000 Cardinal Place
Dublin, OH 43017

General Electric Capital Corp.
PO Box 35701
Billings, MT 59107-5701

Amerisourcebergen Drug Corp.
1300 Morris Dr.
Chesterbrook, PA 19087

Jefe Plover Interests, Ltd.
12222 N. Central Expy., Suite 300
Dallas, TX 75243

Jefe Plover Interests, Ltd.
c/o Its Registered Agent
Wade N. Barker
16 wooded Gate Dr.
Dallas, TX 75230

Office of the Attorney General
300 W. 15th St.
Austin, TX 78701

Office of the U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Texas Department of State Health Services
PO Box 149347
Austin, TX 78714-9347

## NOTICES OF APPEARANCE

FPMC Fort Worth Realty Partners, LP
c/o Melissa S. Hayward
Franklin Hayward LLP
10501 N. Central Expy., Suite 106
Dallas, TX 75231

Forest Park I LLC/Forest Park II LLC
c/o Brent McIlwain/Brian Smith
Holland & Knight LLP
200 Crescent court, Suite 1600
Dallas, TX 75201

Sabra Texas Holdings, LP
c/o Deirdre Ruckman
Gardere Wynne Sewell LLP
1601 Elm St., Suite 3000
Dallas, TX 75201